UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS ANCHELOT, Petitioner, v. JEREMY CASEY, et al., Respondents. | Case No.: 26-CV-3562 JLS (VET) **ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS** (ECF No. 9) |

Presently before the Court is Petitioner Louis Anchelot's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 9). Also before the Court is Respondents' Return to Petition for a Writ of Habeas Corpus ("Ret.," ECF No. 11). Petitioner did not file a traverse. *See generally* Docket. Petitioner alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Imperial Regional Detention Center. *See generally* Pet. Petitioner, a citizen of Haiti, alleges that he entered the United States on or about August 29, 2023, and was released on parole. *Id.* at 2. Petitioner was arrested, pled guilty to a misdemeanor for driving under the influence, and was transferred to ICE detention. *Id.* Petitioner alleges that his continued detention violates the Due Process Clause of the Fifth Amendment. *Id.* at 5–7.

Respondents state that Petitioner is subject to detention under 8 U.S.C. § 1226(a) and therefore "do[] not oppose the [P]etition and defer[] to the Court on the appropriate relief." Ret. at 2. Respondents further state that they have "insufficient information regarding termination of [Petitioner's] parole, pursuant to 8 C.F.R. § 212.5(e)(2), to provide to the Court." *Id.* The Court finds that Petitioner is entitled to release. *See, e.g.*, *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1163–67, 1169 (S.D. Cal. 2025) (granting release under similar facts); *Tran v. LaRose*, No. 26-CV-2653 JLS (GC), 2026 WL 1303166, at *1–3 (S.D. Cal. May 12, 2026) (same); *Antonio v. LaRose*, No. 26-CV-2387-LL-MMP, 2026 WL 1215037, at *1–3 (S.D. Cal. May 4, 2026) (same).

Accordingly, the Court **GRANTS** Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 9) and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting release. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of his release and a hearing before a neutral decision maker to determine whether detention is warranted. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

The Parties are **ORDERED** to file a Joint Status Report by August 14, 2026, confirming that Petitioner has been released. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 11, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge